UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:                                              IN PROCEEDINGS UNDER CHAPTER 7

Bruce H. Neild,                                     Case No. 11-40372-MSH

      Debtor(s)

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE**
**MOTION FOR RELIEF FROM AUTOMATIC STAY**

NOW COMES, **Deutsche Bank National Trust Company, as Trustee for WAMU Mortgage Pass-Through Certificates Series 2005-AR13 Trust** its successors and/or assigns ("Secured Creditor") a secured creditor of the debtor, **Bruce H. Neild** ("Debtor(s)"), and hereby requests this Honorable Court grant Relief from Automatic Stay.  The Secured Creditor holds a mortgage, by assignment, on the property located at **87 Oak Hill Road, Westford, MA** (the "Property").  The Secured Creditor hereby requests relief from the automatic stay pursuant to 11 U.S.C. Section 362 (a) & (d) and Bankruptcy Rules 4001 (a) and Local Rule 4001-1.  In support of this Motion the Secured Creditor states as follows:

1. On **January 31, 2011** the Debtor filed a Chapter 7 Bankruptcy Petition, case number **11-40372-MSH.**

2. On **November 30, 2004** the Debtor granted a mortgage to Washington Mutual Bank, F.A**.** which thereafter became known as JPMorgan Chase Bank, National Association, Successor in interest from the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank f/k/a Washington Mutual Bank F.A., against the Property, which mortgage is recorded in the **Middlesex County** Registry of Deeds in Book **18169,** Page **22.**  (the "Mortgage") (Exhibit 1).

3. The Mortgage secures a promissory note in the original principal sum of **$232,000.00** dated **November 30, 2004** (the "Note") (Exhibit 2).

4. The Mortgage and the Note were further assigned to the Secured Creditor (the "Assignment") (Exhibit 3).

5. No other collateral secures the Note and Mortgage.

6. The Debtor's current monthly payment is **$1,655.50,** due on the 1st day of each month and if not received by the 15th of the month, a late charge of **$36.49** is incurred**.**

7. The Debtor is **Ten (10)** payments in arrears from **June 2010 to March 2011** the Debtor's arrearage is **$17,774.17,** which sum excludes costs and fees.

8. As a matter of record, there are the following encumbrances against the Property:

    a. A Second Mortgage to TD Banknorth, N.A. dated July 11, 2005 in the original principal sum of **$20,000.00** and recorded in the aforesaid in Book 19124, Page 73.

    b. An execution in favor of LVNV Funding LLC dated November 25, 2008 in the amount of **$24,445.35** and recorded in the aforesaid in Book 22781, Page 184.

    c. An execution in favor of Arrow Financial Services LLC as Assignee for Washington Mutual Bank dated July 30, 2009 in the amount of **$7,445.61** and recorded in the aforesaid in Book 23294, Page 238.

    d. An execution in favor of Midland Funding LLC dated September 10, 2010 in the amount of **$11,858.50** and recorded in the aforesaid in Book 24368, Page 295.

    e. A homestead recorded on May 29, 2007 in said Registry Book 21274, Page 139.

9. The total owed the Secured Creditor is as follows:

    | | |
    |---|---:|
    | Principal | $ 250,329.70 |
    | Interest | $ 6,058.67 |
    | Recording Fee | $ 75.00 |
    | Payoff Fee | $ 30.00 |

|  |  |  |
|---|---|---|
| Accumulated Late Charges | $ | 140.21 |
| Property Inspection Fees | $ | 56.00 |
| Bankruptcy Fees and Costs | $ | 700.00 |
| Escrow Shortage | $ | 4,395.36 |
| TOTAL BALANCE OWED: | $ | **261,784.94** |

10. It is upon information and belief there are no outstanding real estate taxes &/or municipal charges.

11. The total owed against the Property is **$325,534.40**.

12. According to the Debtor's schedules, the fair market value of the Property is $226,000.00, using this value for purposes of this Motion only, the Secured Creditor asserts that the liquidation value of the Property at **$210,859.44**, calculated at the Debtor's estimated fair market value less a reasonable realtor's fee of 6% ($13,560.00); deed stamps ($1,030.56) and costs incurred in a real estate closing ($550.00).

13. Section 362(d)(1) of the United States Bankruptcy Code provides that the Court may grant relief for cause. The term "cause" is not defined in the statute, but includes, among other things, the failure to make payments. The Secured Creditor is owed payments from **June 2010 to March 2011**.

14. Based upon the above, the Secured Creditor, lacks adequate protection pursuant to 11 U.S.C. Section 362(d) (1) of the Bankruptcy Code as to the Property.

15. Based upon the above, there is insufficient equity pursuant to 11 U.S.C. Section 326(d)(2)(A) of the Bankruptcy Code as to the Property.

16. The Property is not necessary for an effective reorganization pursuant to 11 U.S.C. Section 326(d)(2)(B) of the Bankruptcy Code.

17. The Property is a burden to the Debtor's estate after taking into consideration the maintenance, costs of insurance, utilities, real estate taxes and the Secured Creditor's security is diminishing due to the Debtor's failure to make payments.

WHEREFORE, the Secured Creditor hereby prays that this Honorable Court grant as follows:

1. Enter an Order granting the Secured Creditor, its successors and/or assigns, Relief from Automatic Stay and leave exercise its rights under the Mortgage against the property of the Debtor by means of foreclosures, deed in lieu, loan modification, summary process and/or eviction proceedings or any other means, all in accordance with applicable state and federal law;

2. Enter an Order requiring the Debtor to make adequate protection payments; and

3. Enter an order waiving the stay of relief pursuant to Federal Rule 4001(a)(3); and

4. Such further and other deems relief as this Honorable Court deems just and proper.

Respectfully Submitted
For the Secured Creditor,
By its Attorneys


/s/ Amy Lipman-White_____
Amy Lipman-White (BBO#559230)
Laura J. Adams (BBO # 655370)
Stanton & Davis
1000 Plain Street
Marshfield, MA  02050
(781) 834-9181
alipmanwhite@stantondavis.com

Dated:  March 16, 2011

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:                                               IN PROCEEDINGS UNDER CHAPTER 7

Bruce H. Neild,                                      Case No.  11-40372-MSH

       Debtor

CERTIFICATE OF SERVICE

      I, Amy Lipman-White, Esq., hereby certify that I served the foregoing Motion for Relief from Automatic Stay, Exhibits, Proposed Order and Certificate of Service on March 16, 2011 by causing copies of the same to be sent accordingly via electronic mail or regular mail, first class postage prepaid, to the following:

**Electronic Mail Notice List**

- Tr-John A. Burdick    jburdicklaw@yahoo.com, jburdick@ecf.epiqsystems.com,emg1964@yahoo.com,jburdicklaw@yahoo.com
- Richard King    USTPRegion01.WO.ECF@USDOJ.GOV
- Amy Lee Lipman-White    alipmanwhite@stantondavis.com, lparry@stantondavis.com;ladams@stantondavis.com
- Patricia J Stokes-Ramos    patricia.stokes-ramoslaw@comcast.net

**Manual Notice List**

Bruce H. Neild
87 Oak Hill Road
Westford, MA 01886
Debtor

Tax Collector
Town of Westford
55 Main Street
Westford, MA 01886

Midland Funding LLC
c/o Stephen A. Weiner
Law Offices of Howard Lee Schiff PC
340 Main Street, Suite 99
Worcester, MA 01608
Lienholder

Arrowhead Financial Services LLC
c/o Gary Howard Kreppel
1661 Worcester Road, Suite 401
Framingham, MA 01701
Lienholder

LVNV Funding LC
Kenneth C. Wilson
Lustig, Glaser & Wilson, PC
PO Box 9127
Needham, MA 02492-9127
Lienholder

TD Banknorth, NA
87 Oak Hill Road
Westford, MA 01886
2nd Mortgagee

/s/ Amy Lipman-White
Amy Lipman-White, Esq.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

IN RE:                                          IN PROCEEDINGS UNDER CHAPTER 7

Bruce H. Neild                                  Case No. 11-40372-MSH
      Debtor

**ORDER**

It is hereby ordered that the secured creditor, **Deutsche Bank National Trust Company, as Trustee for WAMU Mortgage Pass-Through Certificates Series 2005-AR13 Trust** its successors and/or assigns ("Secured Creditor"), Motion for Relief From Automatic Stay is hereby granted and that the Secured Creditor named herein may proceed pursuant to its mortgage against the property located at **87 Oak Hill Road, Westford, MA**, as recorded in the **Middlesex County Registry of Deeds in Book 18169, Page 22**, by means of foreclosure, deed in lieu, loan modification, summary process and/or eviction proceedings or any other means thereafter necessary to obtain complete possession thereof, all pursuant to applicable state and federal law.

Dated:                                          _____
                                                Judge, Bankruptcy Court